```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
FRANK CROCKSON
                              *
     Plaintiff,
                              *
v.                                      CIVIL NO.: WDQ-06-2176
                              *
CITY OF ABERDEEN, MARYLAND,
et al.,                       *

     Defendants.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Frank Crockson has sued the City of Aberdeen, Maryland (the "City"), and City police officer George Matheis in his individual and official capacities for civil rights violations under 42 U.S.C. § 1983. Pending is the motion of Matheis, in his official capacity, and the City to dismiss or, in the alternative, to bifurcate the claims against them for discovery and trial.[1] For the following reasons, the motion to dismiss will be granted.

I. Background

On August 23, 2003, Crockson, an African American, and his wife attended a Little League World Series event at Ripken

---

[1] The Court treats the claims against Matheis in his official capacity as a City police officer as claims against the City. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Matheis has separately filed an answer in his personal, or individual capacity (Paper No. 3).

Stadium in Aberdeen, Maryland.  Compl. ¶ 6.

Crockson alleges that, during the event, he was verbally harassed by a Caucasian spectator.  *Id*. ¶ 7.  When Crockson responded, the spectator called for security, and Matheis responded.  *Id*. ¶¶ 8-9.

Crockson alleges that Matheis, a Caucasian, ordered him out of the stadium without hearing his version of events, and, despite Crockson's cooperation, pushed and shoved Crockson as he escorted him out of the stadium.  *Id*. ¶¶ 9-10.


II.  Discussion

A.  Standard of Review

1.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan*, 7 F.3d at 1134.

When "testing the sufficiency of a civil rights complaint,"

the court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999) (citation and internal quotation marks omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted); *Edwards*, 178 F.3d at 244. Although "a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003).

2.  Municipal Liability under 42 U.S.C. § 1983

A local government entity cannot be held liable under § 1983 "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 694 (1978). However, a municipality may be directly liable for the constitutional torts of its employees or agents under § 1983

"when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*.

Although "municipal 'policy' is found most obviously in municipal ordinances, regulations and the like which directly command or authorize constitutional violations, it may also be found in formal or informal *ad hoc* 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy." *Spell v. McDaniel*, 824 F.2d 1380, 1385-86 (4th Cir. 1987) (citations omitted).

"'Custom, or usage,' in the exact language of § 1983, may also serve" to impose municipal liability, and "the existence of such a 'custom or usage' may be found in persistent and widespread practices of municipal officials which although not authorized by written law, are so permanent and well-settled as to have the force of law." *Id*. at 1386 (citation and internal quotation marks omitted) (*quoting Monell*, 436 U.S. at 691).

"Because municipal liability results only when the municipality itself can be directly charged with fault for a constitutional violation, it results only when policy or custom as above defined is (1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation." *Id*. at 1386-87 (*citing Monell*, 436 U.S. at 683; *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

4

Policy "may be fairly attributed to a municipality either because (1) it is directly "made by its lawmakers," i.e., its governing body, or (2) it is made by a municipal agency, or official, having final authority to establish and implement the relevant policy." *Id*. (citations omitted). Custom "may be attributed to a municipality when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body [or policymaker] that the practices have become customary among its employees." *Id*. at 1387.

"When a municipal 'policy or custom' . . . directly commands or authorizes constitutional violations, the causal connection between policy and violation is manifest and does not require independent proof." *Id*. (citations omitted). However, when a municipal policy or custom is not unconstitutional on its face, a proximate causal connection between the policy or custom and the municipal employee or agent's constitutional torts must be proven. *Id*.

3. Pleading Municipal Liability

In 1993, the Supreme Court rejected the imposition of a heightened standard for pleading municipal liability under § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Under the notice-

pleading requirements of Rule 8(a)(2), "a section 1983 plaintiff seeking to impose municipal liability must . . . provide nothing more than 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Jordan by Jordan v. Jackson*, 15 F.3d 333, 339 (4th Cir. 1994) (*quoting Leatherman*, 507 U.S. at 168 (citation and internal quotation marks omitted)).

B.  Analysis

Crockson claims that Matheis's conduct violated his constitutional rights to receive equal protection and be free from harassment, excessive force, and disparate treatment based on his race.  Compl. ¶¶ 14-16.  Crockson claims that the City is liable because "[t]he harassment [he] experienced was the result of the race-based discriminatory attitudes of the [sic] Matheis and/or a policy or custom of the City of Aberdeen of violating the rights of African-Americans, subjecting African-Americans to disparate treatment and unequal protection, and discriminating against African-Americans."  *Id*. ¶ 17.

Such is a plain example of "a legal conclusion couched as a factual allegation," *Papasan*, 478 U.S. at 286, that, in the absence of any supporting allegations of fact, fails to state a claim for relief.  The Defendants, and the Court, are left to wonder whether Matheis's conduct was caused by Matheis's own

6

attitudes, the City's discriminatory policy, a custom of unlawful discrimination known by the City, or perhaps all of the above. The Complaint leaves no hint of what the alleged discriminatory policy or custom may be, or how it may have caused Matheis's alleged torts. Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the onus remains on the plaintiff to allege facts that support each element of his claim. *Bass*, 324 F.3d at 764-65. Accordingly, the Complaint fails to state a claim for municipal liability under § 1983.

III. Conclusion

For the reasons stated above, the motion to dismiss will be granted.


February 26, 2007                              /s/
Date                                  William D. Quarles, Jr.
                                      United States District Judge